## HENRY BREWSTER, Respondent, v. JOSEPH MANNING, Appellant.

*Stipulation — when it admits plaintiff's case.*

APPEAL from a judgment in favor of the plaintiff entered on the report of a referee.

Upon the trial, the plaintiff relied upon a stipulation, as an admission of his cause of action, set forth in the complaint, and of the value of his services, as therein alleged. In these respects, the stipulation was as follows:

" The defendant hereby stipulates not to dispute, on the trial of this action, the rendering of the services and making the disbursements by the plaintiff for the defendant, as charged in the com-

plaint, and the amount and value of the same, as in the complaint alleged, without prejudice to the counter-claim set up in the defendant's answer."

The court *held*, that the referee was right in holding this to be, *in fact*, an admission that the plaintiff had rendered the services and made the disbursements charged in the complaint; and that the amount and value thereof were the sum alleged in the complaint, and entitled the plaintiff to judgment, unless the defendant established the counter-claim set up in his answer. And that, it would be too narrow a construction of this stipulation to hold that its sole object was to prevent the defendant from disputing the plaintiff's alleged cause of action, after he should have proved the same by satisfactory evidence.

The court further *held*, that it was not necessary, to prove the signature of the attorney to the stipulation ; nor that he was, in fact, the attorney of the defendant. If there were any doubt upon either of these questions, it was for the defendant to show that the attorney who subscribed the stipulation was not his attorney in the action ; or that the signature purporting to be his was not genuine.

*Jesse K. Furlong*, for the appellant.  *Henry Brewster*, respondent, in person.

Opinion by DAVIS, P. J.  DANIELS and BRADY, JJ., concurred.

Judgment affirmed.